THE WILLIAMS MOWER & REAPER COMPANY VS. RAYNOR.

DISCOVERY.   *Order to secure plaintiff copies of defendant's books, etc., or inspection of originals.   C. C. Rule 6.*

1. In this action (the nature of which is above stated), plaintiff presented to the court its verified petition, containing all the formal averments required by C. C. Rule 6, and stating, *inter alia*, the object of the action, and that the petitioner has no means of knowing the exact amounts of the sales made by defendant under his contract, or when and to whom the machines were sold, or what was taken in payment therefor, so as properly to draw a complaint in the cause, without an inspection of the books, papers and notes of defendant; that defendant's books of account will show these transactions; and that it is necessary for plaintiff to have an inspection thereof in order to frame its complaint.   Defendant's counter affidavit states that plaintiff's agents had free access to such books, and examined them from time to time, until a short time before this action was commenced, and until defendant, acting under the advice of his counsel, after difficulties had arisen between the parties, refused to allow any further examination thereof; that there has been a full accounting between the parties; and that defendant was found to be in arrears to plaintiff on account of machines received by him in a certain specified sum.   The court made an order requiring defendant to deliver to plaintiff's attorneys, within a specified time, sworn copies of all entries in his books of account relating to the sale of said machines, and of all notes and contracts in his possession received by him on such sales, or to deposit such books, notes and contracts with the clerk of the court, to be inspected by plaintiff.   *Held*, that the petition was sufficient, and the plaintiff entitled to a discovery, and the proceeding a substantial compliance with C. C. Rules 5–7; and there is nothing stated in defendant's affidavit which makes the order improper.

2. The order merely requires defendant to do what he had agreed with plaintiff to do, by the terms of his contract; and for that reason, also, he cannot complain of it.

APPEAL from the County Court of *Milwaukee* County.

The purposes and situation of this action are stated in the report of the foregoing decision, *ante*, p. 119.

This appeal is from an order requiring the defendant to deliver to the plaintiff's attorneys, within a specified time, sworn

copies of all entries in his books of account relating to the sale by him of the machines which are the subject matter of the action, and also of all notes and contracts in his possession received by him on such sales, or, in default thereof, to deposit such books, notes and contracts with the clerk of the court, to be inspected by the plaintiff.

The petition for such order is duly verified, and contains all the formal averments required by circuit court rule 6. It states, among other things, the object of the action, and alleges that the petitioner " has no means of knowing the amounts of said sales, when and to whom sold, and when and how the same were paid for, or what was taken in payment therefor, so as to properly draw a complaint in this cause, without an inspection of the books, papers and notes of said defendant." It also alleges that the defendant's books of account will show these transactions, and that it is necessary and material for the plaintiff to have an inspection thereof in order to frame a complaint in the cause.

An affidavit of the defendant was read in opposition to the petition, which states that the plaintiff's agents had free access to such books, and examined them from time to time, until a short time before this action was commenced, and until the defendant, acting under the advice of his counsel, after difficulties had arisen between the parties, refused to allow any further examination thereof. The affidavit also alleges that there has been a full accounting between the parties, and that the sum for which the defendant was in arrears to the plaintiff on account of the machines received by him from the plaintiff, was found and ascertained to be $12,231.97.

*Jenkins, Elliott & Winkler*, of counsel, for appellant :

1. The contract constituted a sale of the property, and not a bailment; and, this being so, the respondent can have no right to a discovery. But upon the assumption that the property to the machines remained in the respondent, he has no right to the discovery sought. To warrant such an order, " strong affi-

davits " showing the necessity for the discovery will be required. *Keeler v. Dusenberry*, 1 Duer, 660 ; *Opdyke v. Marble*, 18 Abb. Pr., 266 ; *Noonan v. Orton*, 28 Wis., 600. No discovery is necessary; the respondent presumptively knows what goods the defendant has received, and the contract furnishes the price to be paid. 2. The affidavits show that a full accounting was had between the parties ; and the respondent is not entitled to a discovery for the purpose of exploring the books to see whether something may not be discovered in conflict with the accounts rendered. *Ruberry v. Binns*, 5 Bosw., 685. 3. The clause in the contract permitting an examination of the accounts, was simply to enable the respondent to ascertain what had been sold, and when and what was due, and when it became due. The law provides when a party is entitled to a discovery of books, and this clause cannot change the law.

*Finches, Lynde & Miller*, for the respondent :

1. It is presumable, from the petition and affidavit, that the appellant had in his possession a large number of farmers' notes payable to the order of the respondent, and the latter is entitled to the delivery of all such notes. The information furnished by the books of account is necessary to enable the respondent to bring his action for the possession or conversion of such notes, or of the machines ; and the case is a proper one for the order asked. *Thompson v. Erie R. R. Co.*, 9 Abb. Pr., N. S., 212 ; *Ruberry v. Binns*, 5 Bosw., 685 ; *Low v. Graydon*, 14 Abb. Pr., 443 ; *Case v. Banta*, 9 Bosw., 595 ; *Noonan v. Orton*, 28 Wis., 600. 2. By the terms of the contract between the parties, the court had the power *at any reasonable time* to compel the inspection of the books and accounts for the purposes of the suit. *Kelly v. Echford*, 5 Paige, 548 ; *Wallis v. Murray*, 4 Cow., 399 ; *Bateman v. Phillips*, 4 Taunt., 157 ; *Goater v. Nunnely*, 2 Strange, 1130 ; *Blakely v. Porter*, 1 Taunt., 386 ; *Morrow v. Saunders*, 5 E. C. L., 94. 3. In the absence of any statute or express contract giving a right of inspection,

The Williams Mower & Reaper Company vs. Raynor.

it would have been the duty of *Raynor*, as the *agent* of the respondent, to keep a clear account, to communicate the results, and to account when called upon. Dunlap's Paley, 47, § 9.

LYON, J. This whole proceeding seems to be a substantial compliance with the requirements of circuit court rules 5, 6 and 7 (Tay. Stats., 2014). We think that the facts and circumstances on which the discovery is claimed, are sufficiently stated in the petition, and that the plaintiff is entitled to such discovery. Although the agents of the plaintiff had access to the books of the defendant until a certain. time, it does not appear that they examined such books with reference to framing a complaint, or that they took copies of any of the entries, or made any memoranda therefrom. The fact that the amount of the defendant's liability to the plaintiff has been ascertained, does not obviate the necessity for an inspection of such books. For the purposes of framing a complaint properly, the plaintiff has the right to know the terms and conditions on which the machines were sold, and whether any remain unsold. This is necessary in order to determine whether the machines, or some of them, or the proceeds of sales of the machines, have been converted by the defendant. If both machines and proceeds have been thus converted, the plaintiff should know the amount of each, so that it may state the same in the complaint. This information can only be obtained from the account books of the defendant and from the securities taken by him for the price of machines sold on credit. Moreover, we do not perceive how the defendant can justly complain of, or be injured by, an order which requires him to do precisely what he agreed with the plaintiff to do.

*By the Court.* — The order of the county court is affirmed.